IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**RICHARD E. NORTON**
**and CAROLYN NORTON,**

      **Plaintiffs,**

vs.                                                         **No. CIV 95-0679 MV/DJS**

**STEPHEN CURTIS, BOYD MAZER,**
**CARMEN MAZER, AND WESTSTAR**
**ESCROW, INC.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Summary Judgment, filed May 8, 1997 **[Doc. No. 161]**. The Court, having considered the motion, brief, responses, replies and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED**.

### FACTUAL BACKGROUND

On November 22, 1993, Plaintiffs Carolyn Norton and Richard E. Norton entered into a real estate contract (the Contract) with Defendants Boyd and Carmen Mazer for the purchase of a mobile home park. Defendant Stephen Curtis, the Mazers' attorney, prepared the documents for the transaction. Under the Contract, Defendant Weststar was appointed to serve as an escrow agent for the parties.

A dispute arose between the Mazers and Plaintiffs involving the rights and obligations of

the parties under the Contract.  In 1995 the Mazers conducted an audit of the reserve accounts which existed under the Contract.  The Mazers notified Plaintiffs that based on this audit, the Plaintiffs were in default and threatened to enforce the default.  Plaintiffs disputed the audit and the alleged default.  The Mazers, through Defendant Curtis, agreed to forestall forfeiture on the alleged default if the Plaintiffs made additional weekly payments in the amount of $5,000 directly to Defendant Curtis to be held in a trust account pending resolution of the dispute.  The Plaintiffs were told that if they failed to make any of the additional payments, an Affidavit of Default would be filed on the next day.  The Plaintiffs did not sign a written agreement but did begin making the requested payments.  Between March 31 and May 31, 1995, Plaintiffs made weekly payments to Defendant Curtis' pursuant to this oral agreement.

Plaintiffs continued to dispute the default while paying the additional payments.  In June of 1995, Plaintiffs discovered that Defendant Curtis was withdrawing funds from the trust account to pay his fees for representing the Mazers and refused to continue making the additional payments.  On June 16, 1995, Mazers filed an Affidavit of Default and delivered it to Weststar, the escrow agent under the real estate contract.  Paragraph 9(D) of the Contract provides:

> <u>Affidavit of Uncured Default and Election of Termination</u>.  A recordable affidavit made by Sellers, their agent, or Escrow Agent, identifying the parties, stating the legal description of the Property or the recording data of this Contract and stating the date that notice was duly given as provided above, that the specified default has not been cured within the time allowed and that the Sellers have elected to terminate, and delivered to the Escrow Agent shall be conclusive proof for the Escrow Agent and any subsequent Purchaser or encumbrancer for value of such uncured default and election of termination.

Contract, Exhibit B to Defendant Curtis' Motion for Summary Judgment, ¶ 9(D), p.11.

Paragraph 13 of the Contract addresses the duties of the escrow agent.  Paragraph 13(D)

provides:

> If the Sellers or their agents deliver an Affidavit of Uncured Default and Election of Termination (as described in Paragraph 9 above) to the Escrow Agent, then the Escrow Agent shall release and deliver the escrow documents to the Sellers. The Escrow Agent shall be entitled to rely on such Affidavit as conclusive proof of termination.

Contract, Exhibit B to Defendant Curtis' Motion for Summary Judgment, ¶ 13(D), p.13.

On June 26, 1995, the Mazers, Plaintiffs and Weststar all filed lawsuits regarding the dispute. On behalf of the Mazers, Defendant Curtis prepared and filed an action against Weststar in New Mexico Second Judicial District Court seeking to compel Weststar to release the escrow documents to the Mazers pursuant to the provisions in the Contract. Weststar filed a complaint in Interpleader in New Mexico Second Judicial District Court seeking to deposit the documents in the Court registry until the Mazers and Plaintiffs could resolve their differences. Plaintiffs filed this action.

The next day, June 27, 1995, a preliminary injunction hearing was held in New Mexico Second Judicial District Court on the Mazers' action. Defendant Curtis represented the Mazers at this hearing. The Plaintiffs did not receive notice of this hearing nor were they named as parties to the Mazer lawsuit. Defendant Weststar appeared at the hearing, notified the judge that Plaintiffs were disputing the default, that Plaintiffs and the Mazers had conflicting interpretations of the Contract, and that Weststar, due to the conflicting demands, had filed an interpleader action.

The judge entered an order requiring Weststar to release the escrow documents to the Mazers. Weststar complied with this order. After Weststar released the escrow documents, the Mazers recorded the warranty deed, depriving Plaintiffs of their interest in the mobile home park.

Defendant Curtis then disbursed the funds in the trust account he maintained pursuant to the oral agreement to the Mazers.

Plaintiffs subsequently filed several amended complaints in this action. The Third Amended Complaint, filed on March 13, 1996, contains thirteen Counts:

1. Deprivation of civil rights by the illegal seizure of property.
2. Deprivation of civil rights by defamation by state action.
3. Breach of contract.
4. Breach of fiduciary duty.
5. Fraud and fraudulent misrepresentation.
6. Negligence and negligent misrepresentation.
7. Civil conspiracy.
8. Breach of implied covenant of good faith and fair dealing.
9. Prima facie tort.
10. Conversion.
11. Interference with prospective business relations.
12. Defamation.
13. Promissory estoppel.

Counts XI and XII have been dismissed with prejudice pursuant to a stipulation between the parties. Summary Judgment for Defendant Curtis has been granted on Counts I and II and summary judgment in favor of Defendant Mazers has been granted on Counts I, II, IV, V, VI, VII, IX and X. Plaintiffs now seek summary judgment on all remaining counts.

### STANDARD OF REVIEW

**SUMMARY JUDGMENT STANDARD**

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the

moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).  The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case.  *Celotex*, 477 U.S. at 325.  In such a situation, the moving party is entitled to judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  *Id*. at 322.

## ANALYSIS

As an initial matter the Court notes that a number of factual issues regarding the meaning and intent of the applicable contract provisions and the specifications of the oral agreement are in dispute.  Summary judgment is therefore inappropriate on all counts related to the contract or oral agreement.  Plaintiffs' motion is denied as to Count III (Breach of Contract), Count VIII (Breach of Implied Covenant of Good Faith and Fair Dealing), and Count XIII (Promissory Estoppel).

Plaintiffs begin their motion by arguing that Defendants are precluded from litigating the issue of an alleged default on the Contract because they dismissed the identical claim against the Plaintiffs' agent, Weststar, in the state lawsuit. This argument merits little attention. The state lawsuit was filed by the Mazers to determine whether Weststar breached its obligations under the contract provision that required Weststar to turn over the escrow documents to the Mazers upon presentation of an Affidavit of Default. The lawsuit was not seeking to litigate the rights between the Plaintiffs and Defendants under the contract or to determine the validity of the alleged default.

Collateral estoppel merely precludes the relitigation in the second action of ultimate facts and issues that have been actually litigated and necessarily decided in the prior lawsuit. *Adams v. United Steel Workers*, 97 N.M. 369, 373 (1982). The only issue determined in the state court proceeding was whether Weststar had a non-discretionary duty under the Contract to release the escrow documents to the Mazers upon the filing of their Affidavit of Default. The validity of the default was not relevant to the state court judge's decision to order Weststar to release the deed and was not considered or determined by the state court judge. The issue litigated in the state case is not the same as the issues in this case and collateral estoppel does not apply.

The rest of Plaintiffs' motion focuses on their claim of fraud on the state court which resulted in the loss of their property. In short, Plaintiffs claim that fraud upon the court occurred in the state court action filed by Defendant Curtis on behalf of the Mazers against Weststar because 1) the Affidavit of Default prepared pursuant to the terms of the Contract contained false statements which Defendant Curtis used to get the escrow documents released to the Mazers and 2) Defendant Curtis did not fully inform the state court judge about the underlying dispute with

6

Plaintiffs over whether a default had occurred.

Fraud upon the court embraces only that species of fraud which defiles or attempts to defile the court itself or which is perpetrated by officers of the court so that the judicial system cannot perform in a usual manner. *Jemez Properties, Inc. v. Lucero*, 94 N.M. 181, 184 n. 1 (Ct. App. 1979). Fraud upon the court occurs where there is a deliberately planned and carefully executed scheme to defraud the court and is not simply a judgment obtained with the aid of a witness whose perjury is revealed by after-discovered evidence. *Moya v. Catholic Archdiocese of New Mexico*, 107 N.M. 245, 247 (1988). Examples of fraud upon the court include bribery of judges, employment of counsel to "influence" the court, bribery of the jury or the involvement of an attorney in the perpetration of the fraud. *See Lockwood v. Bowles*, 46 F.R.D. 625 (1969). Fraud between parties, without more, is not fraud upon the court. *See* 12 Moore's Federal Practice 60.21(4)(c) (3d ed. 1997).

The involvement of an attorney in the perpetration of fraud can amount to fraud on the court. "[W]hile an attorney should represent his client with singular loyalty, that loyalty obviously does not demand that he act dishonestly or fraudulently; on the contrary his loyalty to the court, as an officer thereof, demands integrity and honest dealing with the court. And when he departs from that standard in the conduct of a case he perpetrates a fraud upon the court." *Eoff v. Forrest*, 109 N.M. 695, 699 n. 1 (1990) (quoting 7 Moore's Federal Practice § 60.33 at 359 (2d ed. 1987)).

In New Mexico an action based on fraud, including fraud upon the court, requires: (a) a misrepresentation of fact, (b) known by the maker to be false, (c) made with the intent to deceive and to induce the other party to act in reliance, and (c) actually relied on by the other party to his

or her detriment. *Cargill v. Sherrod*, 96 N.M. 431, 432-433 (1981). "There must be a concurrence of all of these essential elements and without this there can be no actionable fraud." *Sauter v. St. Michael's College*, 70 N.M. 385 (1962).

Plaintiffs claim that the Affidavit of Default prepared by the Mazers contained false statements and that Defendant Curtis, knowing that the Affidavit contained false statements, presented it to the state court in order to deprive Plaintiffs of their interest in the trailer park. Without determining whether the Affidavit contained the alleged false statements, the Court finds that summary judgment for Plaintiffs is inappropriate on this claim.

The state court judge was informed that Plaintiffs disputed the default asserted by the Mazers under the Contract and was provided a copy of Plaintiffs' June 15, 1995 letter setting out their position. *See* Transcript attached as Exhibit 1 to Weststar's Brief in Support of their Motion to Dismiss and for Summary Judgment at 3 & 12. The state court judge was also aware that at some point the merits of the underlying default needed to be heard and that Plaintiffs were on the verge of filing their own lawsuit disputing the default. *Id.* at 3 & 11.

The state court judge merely interpreted the terms of the contract to impose a non-discretionary duty on Weststar to release the deeds once the Affidavit of Default was recorded. While the judge was aware that the underlying default was in dispute, the validity of the underlying default and the Affidavit of Default was not relevant to her determination that the contract required Weststar to release the escrow documents once an Affidavit of Default was filed. The judge, therefore, was not deceived and the integrity of the adjudication was not affected. Even assuming the affidavit contained misrepresentations, there is an absence of egregious circumstances to sustain a claim of fraud upon the court.

8

Furthermore, as a matter of law, the party seeking damages for fraud must establish that it relied upon the alleged misrepresentations. Plaintiffs, who were not parties to the state court action and were not present at the hearing, have not come forward with any evidence demonstrating that they relied upon any alleged misrepresentations made to the state court.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Summary Judgment **[Doc. No. 161]** is hereby **DENIED**.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

Plaintiffs, *pro se*

Attorneys for Defendant Mazers:
    Joseph L. Werntz
    Gregory T. Dunn

Attorneys for Defendant Curtis:
    John M. Brant
    R. Nelson Franse
    Charles J. Vigil