IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**RICHARD E. NORTON
and CAROLYN NORTON,**

       **Plaintiffs,**

vs.                                                                 **No. CIV 95-0679 MV/DJS**

**STEPHEN CURTIS, BOYD MAZER,
CARMEN MAZER, AND WESTSTAR
ESCROW, INC.,**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANT CURTIS' SECOND MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on Defendant Curtis' Second Motion for Summary Judgment, filed September 22, 1997 **[Doc. No. 187]**. The Court, having considered the motions, brief, response, reply and being otherwise fully informed, finds that the motions is not well-taken and will be **DENIED**.

### FACTUAL BACKGROUND

On November 22, 1993, Plaintiffs Carolyn Norton and Richard E. Norton entered into a real estate contract (the Contract) with Defendants Boyd and Carmen Mazer for the purchase of a mobile home park. Defendant Stephen Curtis, the Mazers' attorney, prepared the documents for the transaction. Under the Contract, Defendant Weststar was appointed to serve as an escrow agent for the parties.

A dispute arose between the Mazers and Plaintiffs involving the rights and obligations of the parties under the Contract. In 1995 the Mazers conducted an audit of the reserve accounts which existed under the Contract. The Mazers notified Plaintiffs that based on this audit, the Plaintiffs were in default and threatened to enforce the default. Plaintiffs disputed the audit and the alleged default. The Mazers, through Defendant Curtis, agreed to forestall forfeiture on the alleged default if the Plaintiffs made additional weekly payments in the amount of $5,000 directly to Defendant Curtis to be held in a trust account pending resolution of the dispute. The Plaintiffs were told that if they failed to make any of the additional payments, an Affidavit of Default would be filed on the next day. The Plaintiffs did not sign a written agreement but did begin making the requested payments. Between March 31 and May 31, 1995, Plaintiffs made weekly payments to Defendant Curtis' pursuant to this oral agreement.

Plaintiffs continued to dispute the default while paying the additional payments. In June of 1995, Plaintiffs discovered that Defendant Curtis was withdrawing funds from the trust account to pay his fees for representing the Mazers and refused to continue making the additional payments. On June 16, 1995, Mazers filed an Affidavit of Default and delivered it to Weststar, the escrow agent under the real estate contract. Paragraph 9(D) of the Contract provides:

> <u>Affidavit of Uncured Default and Election of Termination</u>. A recordable affidavit made by Sellers, their agent, or Escrow Agent, identifying the parties, stating the legal description of the Property or the recording data of this Contract and stating the date that notice was duly given as provided above, that the specified default has not been cured within the time allowed and that the Sellers have elected to terminate, and delivered to the Escrow Agent shall be conclusive proof for the Escrow Agent and any subsequent Purchaser or encumbrancer for value of such uncured default and election of termination.

Contract, Exhibit B to Defendant Curtis' Motion for Summary Judgment, ¶ 9(D), p.11.

2

Paragraph 13 of the Contract addresses the duties of the escrow agent. Paragraph 13(D) provides:

> If the Sellers or their agents deliver an Affidavit of Uncured Default and Election of Termination (as described in Paragraph 9 above) to the Escrow Agent, then the Escrow Agent shall release and deliver the escrow documents to the Sellers. The Escrow Agent shall be entitled to rely on such Affidavit as conclusive proof of termination.

Contract, Exhibit B to Defendant Curtis' Motion for Summary Judgment, ¶ 13(D), p.13.

On June 26, 1995, the Mazers, Plaintiffs and Weststar all filed lawsuits regarding the dispute. On behalf of the Mazers, Defendant Curtis prepared and filed an action against Weststar in New Mexico Second Judicial District Court seeking to compel Weststar to release the escrow documents to the Mazers pursuant to the provisions in the Contract. Weststar filed a complaint in Interpleader in New Mexico Second Judicial District Court seeking to deposit the documents in the Court registry until the Mazers and Plaintiffs could resolve their differences. Plaintiffs filed this action.

The next day, June 27, 1995, a preliminary injunction hearing was held in New Mexico Second Judicial District Court on the Mazers' action. Defendant Curtis represented the Mazers at this hearing. The Plaintiffs did not receive notice of this hearing nor were they named as parties to the Mazer lawsuit. Defendant Weststar appeared at the hearing, notified the judge that Plaintiffs were disputing the default, that Plaintiffs and the Mazers had conflicting interpretations of the Contract, and that Weststar, due to the conflicting demands, had filed an interpleader action.

The judge entered an order requiring Weststar to release the escrow documents to the Mazers. Weststar complied with this order. After Weststar released the escrow documents, the

3

Mazers recorded the warranty deed, depriving Plaintiffs of their interest in the mobile home park. Defendant Curtis then disbursed the funds in the trust account he maintained pursuant to the oral agreement to the Mazers.

Plaintiffs subsequently filed several amended complaints in this action. The Third Amended Complaint, filed on March 13, 1996, contains thirteen Counts:

1. Deprivation of civil rights by the illegal seizure of property.
2. Deprivation of civil rights by defamation by state action.
3. Breach of contract.
4. Breach of fiduciary duty.
5. Fraud and fraudulent misrepresentation.
6. Negligence and negligent misrepresentation.
7. Civil conspiracy.
8. Breach of implied covenant of good faith and fair dealing.
9. Prima facie tort.
10. Conversion.
11. Interference with prospective business relations.
12. Defamation.
13. Promissory estoppel.

The Court granted summary judgment in favor of Defendant Curtis on Counts I, II, XI and XII. *See* Memorandum Opinion and Order Granting, in Part, Defendant Curtis' Motion for Summary Judgment [Doc. 148]. Defendant Curtis now seeks summary judgment as to Counts III, IV, VIII, X and XIII, as well as other counts of the Complaint to the extent they are premised upon his alleged violation of the escrow agreement with Plaintiffs.

## STANDARD OF REVIEW

**SUMMARY JUDGMENT STANDARD**

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). Under Rule 56(c),

summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).  The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case.  *Celotex*, 477 U.S. at 325.  In such a situation, the moving party is entitled to judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  *Id*. at 322.

## ANALYSIS

In April of 1995, Defendant Curtis negotiated a separate oral agreement between Plaintiffs and the Mazers whereby the Mazers agreed to forebear from filing the Affidavit of Default if Plaintiffs made weekly payments in the amount of $5,000.00 to Defendant Curtis to be placed in

5

Defendant Curtis' Trust Account.  Defendant Curtis subsequently sent a letter to Plaintiffs purporting to confirm the terms of this agreement. The letter stated, in pertinent part:

> This confirms my telephone conversation with Richard this morning . . ..
> Boyd and Carmen Mazer will forebear from enforcing the default tomorrow morning because you have agreed as follows:
> 	1.  You will have a check in the amount of $5,000.00 delivered to me on April 28, 1995.  I will cash it and deposit it in my Trust Account.
> 	2.  The deadline to meet the conditions in my April 12, 1995 letter will be extended one week, to May 4, 1995, at 5:00 p.m.
> 	3.  Each one week extension thereafter will require $5,000.00 delivered to me by Thursday at 5:00 p.m.
> 	4.  If the $5,000.00 is not delivered by 2:00 p.m. tomorrow or, in subsequent weeks, either i) the conditions in my April 12, 1995 letter are not met or ii) $5,000.00 is not delivered to me by 5:00 p.m. on Thursday, the Affidavit of Default will be filed on Friday, the next day, and the funds in my Trust Account will be retained as payment for the periods of forbearance.
> . . . .
> Please confirm your acceptance of this agreement by signing below and returning a copy to me.  If I do not have a signed copy of this letter by 5:00 p.m. on May 4, 1995, the Affidavit of Default will be filed and the funds in my Trust Account will be retained as payment for the period of forbearance.

April 27, 1995 Letter, attached as Exhibit A to Defendant Curtis' Memorandum in Support of Second Motion for Summary Judgment.

It is undisputed that Plaintiffs began paying Defendant Curtis $5,000.00 per week. Defendant Curtis maintains that by paying him $5,000.00 per week Plaintiffs performed on the contract and are therefore bound by the terms of the letter.  In support of his position, Defendant Curtis states that Plaintiffs continued to make the weekly payments after receiving the written agreement and did not object to any terms in the written agreement.  Plaintiffs, however, maintain that they made the $5,000.00 payments pursuant to the oral agreement between Mr. Norton and Defendant Curtis referenced in the opening lines of the letter and not pursuant to the written agreement which they maintain contains material terms to which they never agreed.  In support of

their position, Plaintiffs point out that they never signed the written agreement and that the first $5,000.00 payment was made prior to receiving the April 27, 1995 letter purporting to set forth the terms of the oral agreement.

Performance of a contract can be a valid form of acceptance, binding both parties to the terms of the contract. However, the fundamental question in this case is under which agreement Plaintiffs performed. If Plaintiffs performed under the written agreement, Plaintiffs may be bound by the terms of the agreement even though it was never signed. If Plaintiffs performed under the oral agreement then the written agreement was not accepted by performance and is not legally binding. The parties disagree about which agreement Plaintiffs performed under and have come forward with evidence tending to support their respective positions. The Court finds that the existence of disputed material facts renders summary judgment inappropriate.

**IT IS THEREFORE ORDERED** that Defendant Curtis' Second Motion for Summary Judgment, filed September 22, 1997 **[Doc. No. 187]** is hereby **DENIED**.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**


Plaintiffs, *pro se*

Attorneys for Defendant Curtis:
    John M. Brant
    R. Nelson Franse
    Charles J. Vigil