## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**RICHARD E. NORTON
AND CAROLYN NORTON**,

    Plaintiffs,

v.                                              **CIVIL NO. 95-679 DJS/LCS**

**STEPHEN CURTIS, BOYD MAZER,
and CARMEN MAZER**,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before this Court on Defendant Curtis Motion for Summary Judgment on Claim for Civil Conspiracy filed February 22, 1999 (Docket No. 218). Defendant Curtis seeks summary judgment on Count VII of the Complaint. Defendants Boyd and Carmen Mazer obtained summary judgment in their favor on this count by the Court's Memorandum Opinion and Order of March 23, 1998 (Docket No. 201). The Court denied a previous motion for summary judgment as to this Count filed by Defendant Curtis. Memorandum Opinion and Order, Docket No. 148. Defendant Curtis asserts that Plaintiff's conspiracy claim may not proceed against him alone.

Under New Mexico law, civil conspiracy requires that the claimant show that a conspiracy exist between two or more individuals, that specific wrongful acts were carried out by the defendants pursuant to the conspiracy, and that the plaintiff was damaged as a result of the acts. Silva v. Town

of Springer, 912 P.2d 304, 310 (N.M.Ct.App. 1996)(citations omitted). In this case, the individuals whom Curtis is alleged to conspire with, Boyd and Carmen Mazer, have been granted summary judgment in their favor as to Plaintiffs' civil conspiracy claim.

Plaintiffs argue that the Court's prior grant of partial summary judgment in the Mazer's favor, which was based on a procedural rule, does not establish an absence of disputed material facts with regard to their claim against the Mazers. Alternatively, Plaintiffs argue that Curtis can be tied to a scheme with the Mazers to defraud them without proceeding under a conspiracy theory against the Mazers. Plaintiffs present this as an alternative to their theory that Curtis was acting as an agent.

The Court's March 23, 1998 Memorandum Opinion and Order granting summary judgment in the Mazers' favor was filed less than two weeks before the trial date set at that time. Plaintiffs' response to the Mazers' motion for summary judgment had never been filed, effectively conveying Plaintiffs consent to the grant of the motion. See D.N.M.LR-Civ. 7.5. By their failure to file a response to the motion for summary judgment, Plaintiffs failed to meet their burden of providing specific facts establishing a genuine issue for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Plaintiffs' belated assertion that material facts remain in dispute is insufficient to overcome the Court's ruling.

However, judgment in favor of the Mazers on Plaintiffs conspiracy claim is not fatal to their claim against Curtis. The Court's Memorandum Opinion and Order granting summary judgment did not set forth any findings which are inconsistent with Plaintiffs' allegations against Curtis. For that reason, no fatal variance exists between the Court's ruling and Plaintiffs' assertions. Cf. United States v. Howard, 751 F.2d 336, 337 (10th Cir. 1984) cert. denied, 472 U.S. 1030 (1985); See United States v. Abbott Washroom Systems, Inc., 49 F.3d 619, 623 (10th Cir. 1995) (Holding that court

appropriately considered sufficiency of evidence in light of evidence presented against both conspirators, one of whom had been acquitted).

**IT IS THEREFORE ORDERED** that Defendant Stephen Curtis' Motion for Summary Judgment on Claim for Civil Conspiracy is granted. Judgment in Stephen Curtis favor is denied.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**